The defendant moves in arrest of judgment, because the instrument alleged to be forged is not set forth according to its tenor, and no sufficient reason is given for the omission.
The indictment charges that the defendant forged "a certain bond and writing obligatory, the words and figures of *Page 317 
which said forged bond are to the jurors aforesaid unknown, the same having been in the possession of the said Benjamin S. Davis long before the taking of this inquisition, and the same long before the taking of this inquisition, been, in some way to the jurors unknown, disposed of by said B. S. Davis, which said forged bond and writing obligatory, was dated at some date, to the jurors unknown, in the year A.D. 1866, promised to pay to A. J. B., the sum of $100, and purported to be signed and sealed by Benjamin S. Davis, E. C. Davis and J. M. S. Rogers (and the same cannot bemore fully described for the reason hereinbefore stated,) with intent to defraud the said A. J. B.," c.
The law clearly is that the forged instrument must be described according to its tenor, or else it must be shown that it has been destroyed by the prisoner, or is in his possession and withheld from the jury, so that the tenor cannot be set forth. We think that it is sufficiently averred in this case. The words "disposed of" would be ambiguous; but when the indictment proceeds to aver that by reason of its having been "disposed of" the same cannot be more fully described, it sufficiently avers such a disposition as amounts to a destruction within the reason of the rule. If, by the action of the prisoner, the instrument is kept out of the possession and knowledge of the jury, that act is equivalent to its destruction.
2. The prisoner moves for a new trial, because the indictment charges a forgery of the whole instrument, whereas the evidence shows a forgery of the name of Rogers alone, while the prisoner's own signature is of course genuine. This objection is answered by the case of State v. Gardner, 1 Ired. 27, which is in point.
3. He moves for a new trial on the further ground that secondary evidence of the contents of the forged writing was admitted, although it was not charged and proved that the same was in his possession, and he had received no sufficient *Page 318 
notice to produce it. The notice to produce was served on the prisoner after the term at which the trial was, had began, when the prisoner was in prison, and some few (say two) days before the trial. The learned counsel cited several English cases, in which it is held that such a notice is insufficient. Decisions of other States or countries on mere matters of practice can have but little weight, unless they can be shown to be founded on some general principle of justice or convenience. There may be differences in the circumstances not apparent to us. There can be no doubt that if the prisoner had requested the aid of the Court in sending for the paper, it would have been given to him if circumstances did not make it inconvenient or unreasonable. And if, when called on for trial he had declared that the production of the paper was material to his defense, and his ability and readiness to produce it within a reasonable time, the Court would have postponed the trial. But after he declares himself ready for trial, no injustice is done him by allowing secondary evidence of a paper which he has either destroyed, or having under his control, refuses to produce. To adopt what seems to be the English practice would, under our system of Courts, be extremely inconvenient.
There is no error. Judgment affirmed. Let this opinion be certified.
PER CURIAM. Judgment affirmed. *Page 319